## IN THE MATTER OF THE PETITION OF HAT-SUYO KOBAYASHI FOR A WRIT OF HABEAS CORPUS.

### January 14, 1916.

*Aliens—Immigration—Benefit of counsel at hearing before immigration officers:* In the absence of any showing of request for counsel, the finding of immigration officers, as to an immigrant's right to land, should not be set aside merely because he had no counsel at the hearing in his case before such officers.

*Habeas Corpus:* Hearing on return to writ.

*G. A. Davis* for petitioner.
*H. W. Vaughan,* U. S. District Attorney, for respondent.

CLEMONS, J.   The petitioner having made a showing supplementary to her petition and to overcome the objection of his honor Judge Dole, in the opinion rendered on October 9, 1915, ante, p. 591, the writ of habeas corpus issued.

This case is one in which the court has no right to interfere with the action of the board of special inquiry as a body authorized to find facts.   There was, in my opinion,

evidence to sustain its conclusion at least as to the admission of the commission of a crime involving moral turpitude. See Transcript of Testimony, pages 2 and 3, and note that although the petitioner's husband may not have been heard from for over seven years (raising the possible presumption of death), the petitioner had committed the offense of adultery with a man with whom she had lived ostensibly as wife, during a period beginning "about nine years ago" (Id., 2),—a date which may be verified by her testimony in the same context that it was "two or three years" after her husband left her (Id.), which was two years and seven months after she first came to Hawaii (Id.), which was in 1901 (Id.). All this time she was undivorced from her husband (Id., 1, 2).

The justness of the board's finding that the petitioner was likely to become a public charge, is not so clear, though in my opinion it is still a finding that cannot be set aside by this court.

So far as concerns the ground of deprivation of counsel, the petitioner claims that this case is distinguished from those like *Low Wah Suey v. Backus,* 225 U. S. 460, 470, in which the applicant had counsel at *some* stage of the proceedings; because in the present case it appears that the benefit of counsel was not had at all. But it seems to me that in the absence at least, as here, of any showing of request for counsel, the finding of the board of special inquiry should not be set aside now. See Bouve, Exclusion of Aliens, 291; *United States v. Sing Tuck,* 194 U. S. 161, 170. The complaints of want of counsel and of violation of the constitutional guaranty against self-incrimination, have both been disposed of by recent rulings of this court. *In re Ko Matsumoto, post,* determined Dec. 4, 1915, and see *In re Ryonosuke Sakaba, ante,* p. 372.

Let the writ be discharged and the petitioner be remanded to the custody of the respondent.